

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 29, 1970

Honorable Oscar B. McInnis          Opinion No. M-621
Criminal District Attorney
Hidalgo County Courthouse       Re:  Nominations by a new politi-
Edinburg, Texas  78539               cal party of candidates for
                                     county and precinct offices
Dear Mr. McInnis:                    only.

        Your request on the above subject matter states
that Hidalgo County has a new political party, to wit:  RAZA
UNIDA PARTY.  This new political party, without a State
organization, desires to nominate candidates for county and
precinct offices only.  You further state that this party
has secured the signatures to a written application of at
least 3% of the entire vote cast in Hidalgo County at the
last general election and has filed such application with
the county judge.  In connection with the foregoing you have
asked the following questions:

        "1.  What form of oath should be admin-
    istered to every citizen who signs the written
    application provided for in Article 13.54?

        "2.  Can the written application provided
    for under Article 13.54 and containing the
    signature designated therein be filed with
    the County Judge on behalf of a political
    party without a State organization before it
    has held its County convention on primary
    election day and nominated candidates?

        "3.  If so, can a registered voter who
    signed the written application vote in a
    democratic primary election?

        "4.  Can a registered voter vote in the
    democratic primary election and thereafter
    be a signatory on a written application to
    be filed with the County Judge for the print-
    ing of nominees of a 3rd party on the general
    election ballot?"

-2969-

Article 13.54 of the Texas Election Code provides:

"Any political party without a State organization desiring to nominate candidates for county and precinct offices only may nominate such candidates therefor under the provisions of this title by primary elections or by a county convention held on the legal primary election day, which convention shall be composed of delegates from various election precincts in said county, elected therein at primary conventions held in such precincts between the hours of 8:00 a.m. and 10:00 p.m. on the date set by law. All nominations made by any such parties shall be certified to the county clerk by the chairman of the county committee of such party, and, after taking the same course as nominations of other parties so certified, shall be printed on the official ballot in a separate column, headed by the name of the party; provided, a written application for such printing shall have been made to the county judge, signed and sworn to by three per cent (3%) of the entire vote cast in such county at the last general election."

Since the new party referred to in your request is without a State organization, it is our opinion that the provisions of Article 13.54 should be complied with in order to have its nominees printed on the official ballot in the general election. Article 13.54 states that all such nominations shall be certified to the county clerk by the chairman of the county committee of such party and after the names have been so certified such names shall be printed on the official ballot, provided a written application for such printing shall have been made to the county judge, signed and sworn to by 3% of the entire vote cast in such county at the last general election. Article 13.54 does not state the form of such application. Therefore, any form of an application which is signed and sworn to would be sufficient.

In answer to your first question, you are advised that the form submitted with your request constitutes compliance since the application is signed by applicants whose signatures are "subscribed and sworn to" by a Notary.

In answer to your second question, you are advised that the written application filed with the county judge may be filed before the new political party has held its county primary convention for the reason that Article 13.54 does not place a fixed time limit on the filing of such application, but merely states that such application "shall have been made" to the county judge. Such application must, however, be filed during the voting year the nominations are made.

It is noted that Article 13.54 requires the application to be filed with the county judge as an integral step in a new party nomination of candidates. The signing of such application constitutes, in our opinion, participation in the party's primary convention. Consequently, in answer to your third question, a registered voter who signs the written application set out in Article 13.54 during the voting year (currently March 1, 1970 through February 28, 1971) cannot participate in another party's primary election or party convention during that voting year. A registered voter who signed and filed the written application prior to that voting year is not prohibited from participating in another party's primary election or party convention for the current year. See Article 240, Vernon's Penal Code; Article 13.01a(7), Texas Election Code; Carubbi v. Craig, 405 S.W.2d 610 (Tex.Civ.App. 1966, no writ).

In answer to your fourth question and in view of the foregoing, you are advised that a registered voter who votes in the Democratic or Republican primary election may not during the current voting year (March 1, 1970 through February 28, 1971) sign and file a written application to be filed with the county judge as provided in Article 13.54, Texas Election Code. See Article 240, Vernon's Penal Code; Article 13.01a(7), Texas Election Code; Carubbi v. Craig, supra.

## S U M M A R Y

Applications to have the nominations of a new political party, without a State organization, placed on the official ballot at the general election may be filed with the county judge prior to the county primary convention of such new political party, provided it is filed during the voting year the nominations are made. If such application is signed and sworn to, the

provisions of Article 13.54 of the Texas Election Code are complied with. A person who signs and files the written application provided in Article 13.54 of the Texas Election Code during the current voting year (March 1, 1970 through February 28, 1971) may not participate in the primary election or party convention of another political party during that voting year. A person who participates in the Democratic or Republican primary election is not eligible to sign and file an application for a new political party's nominees to be placed on the general election ballot in November during the current voting year (March 1, 1970 through February 28, 1971).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Harold Kennedy
Houghton Brownlee
Sam Jones
Jack Sparks

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant